## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6827 | **DATE** | December 14, 2007 |
| **CASE TITLE** | Joseph Hodges #L21382 v. Haxall | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The complaint is dismissed pursuant to 28 U.S.C.§1915A for failure to state a claim, terminating case. Any other pending motions are denied as moot. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payments to the clerk of court as stated herein. A copy of this order shall be sent to the trust fund officer at the Cook County Jail. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]

### STATEMENT

The court finds that Plaintiff, a detainee confined at the Lake County Jail, is unable to prepay the filing fee. The court grants plaintiff's motion to proceed in forma pauperis and assesses an initial partial filing fee of $17.64 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's desk, 20th floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

| | Courtroom Deputy Initials: | STE |
|---|---|---|

**STATEMENT**

Under 28 U.S.C.§1915A, the court is directed to dismiss a suit brought in forma pauperis at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. Plaintiff complains of events which he says occurred on March 16, 2005; specifically, he states that he was wrongfully arrested, and although he does not say who was responsible, and he lists several defendants who have immunity from suit, nevertheless it appears that he comes about his arrest because he claims that on March 1, 2007 he was found not guilty of the charges against him. He submitted this lawsuit for filing, using the date of his complaint, on November 28, 2007. The court received it on December 4, 2007.

A cause of action for an improper arrest accrues at the time of the arrest. *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995); *Wilson v. Geisen*, 956 F. 2d 738, 740 (7th Cir. 1992). The two-year limitations period for a constitutional claim of false arrest is triggered when the alleged false arrest occurs. *Albright v. Oliver,* 975 F.2d 343, 345 (7th Cir.1992), aff'd, 114 S.Ct. 807 (1994)). Because more than two years have elapsed since plaintiff's claim against defendants arose, this action is time-barred. Additionally, to state a claim for malicious prosecution a Plaintiff must demonstrate that: 1) He has satisfied the state law requirements for such a cause of action; 2) malicious prosecution was committed by state actors; 3) he was deprived of liberty; *Sneed v. Rybicki,* 146 F. 3d 478, 481 (7th Cir. 1998). and 4) he was injured. For malicious prosecution claims, the statute of limitations runs two years from the date the Plaintiff can plead all the elements of the claim. *Id.* The state law requirements for a malicious prosecution claim are: he was subjected to judicial proceedings; for which there was allegedly no probable cause; defendants instituted or continued the proceedings maliciously; proceedings were terminated in plaintiff's favor; there was injury. Because Plaintiff has failed to allege that there was no probable cause for his arrest, he has failed to state a claim for malicious prosecution.

Finally, Plaintiff sues persons who have immunity from suit. He sues two assistant states' attorneys, a detective who presumably works for the state's attorney's office, and two private citizens who do not appear to be state actors. He has failed to allege any reason why these persons are not all immune from this suit. The private citizens cannot be sued because they are not state actors. *Supreme Video, Inc. v. Schauz*, 15 F.3d 1435, 1438 (7th Cir.1994); *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir.1991); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). Additionally, the law is clear that a prosecutor is absolutely immune from lawsuits based on their performance of a quasi-judicial function. A prosecutor's charging decisions and actions during the course of a pending criminal case are protected under this umbrella. *See Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409 (1976). And a detective for the police department or the prosecutor enjoy qualified immunity in certain circumstances. *See Beauchamp v. City of Noblesville, Ind.,* 320 F. 3d 733, 741 (7th Cir. 2003)(for example, detectives enjoy qualified immunity from suit because probable cause existed to see both of his arrests). Plaintiff failed to allege that there was no probable cause for his arrest; only that he was eventually found not guilty. Therefore, he has failed to allege a claim against detectives in his criminal case. Further, to recover damages under 42 U.S.C. §1983 as a result of an allegedly unconstitutional conviction or imprisonment, a Plaintiff must prove that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C.§2254." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A claim for damages that relates to a conviction or sentence that has not been invalidated cannot be considered under §1983. *Id.* A finding of not guilty is not, in itself, a finding that his arrest was invalid. This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If he wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P. If he does so, he will be liable for the $255 appellate filing fee. Unless he is granted leave to proceed in forma pauperis, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998).